1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF WASHINGTON

8
ALTA PAULSSON,                    )
9                                 )
                    Plaintiff,    )   NO. CV-07-0168-LRS
10                                )
    v.                            )
11                                )   ORDER GRANTING DEFENDANTS'
                                  )   MOTION FOR SUMMARY JUDGMENT
12  COULEE CITY, et al.,          )
                                  )
13                                )
                    Defendant.    )
14  _____)

15      **BEFORE THE COURT** is Defendants' Motion for Summary Judgment,

16  Ct. Rec. 7, filed October 31, 2007.  The Plaintiff, Alta Paulsson,

17  is represented by Paul Burns.  The Defendants, Coulee City and

18  Robert Little, are represented by Stephen Lamberson.  This motion

19  was heard with oral argument on January 24, 2008.  After careful

20  review of the pleadings, exhibits, and declarations submitted by

21  both parties, and oral argument from both sides, the Court finds

22  that there are no genuine issues of material fact, and Defendants

23  are entitled to summary judgment as a matter of law for the

24  reasons set forth below.

25                      **I. SUMMARY OF FACTS**

26      The facts are essentially undisputed.  In August 2002,

27  Plaintiff Alta Paulsson was hired as the Clerk/Treasurer of

28  Defendant Town of Coulee City ("Town"), a position that is

ORDER - 1

1  partially supervised by the Town Mayor, Defendant Robert E. Little
2  and overseen by the Town Council.

3       In May 2004, the Town issued a concession permit to Kevin
4  Prather to operate a watercraft rental business in the Coulee City
5  Community Park during the summer months.  To provide electricity
6  to Mr. Prather's trailer, the Town connected the trailer to a Town
7  street light.  For the summers of 2004 and 2005, Mr. Prather was
8  not charged for the electricity used by the trailer, which was
9  estimated at a total of $233.68 for the two summers.  Defendant
10 Little believed the Town was supplying the electricity in return
11 for the recreational opportunities Mr. Prather's business was
12 providing to the community, the business's contribution to tourism
13 and, the percentage of revenue the Town would receive from the
14 business.[1]

15      Plaintiff, concerned that the Town was improperly supplying
16 electricity to Mr. Prather's business, sought input from the
17 Municipal Research and Services Center ("MRSC") and the State
18 Auditor's Office.[2]  Based on the information provided by Plaintiff
19 only, the MRSC and the State Auditor's Office expressed concern
20 regarding the electricity arrangement between the Town and Mr.
21 Prather.

22      In 2006, however, an accountability audit by the Washington
23 State Auditor's Office for the time period of January 1, 2004

24

25      [1]Pursuant to the concession permit, the Town would receive 5%
26 of the gross revenue generated from Mr. Prather's business.

27      [2]Part of Plaintiff's duties as Town Clerk/Treasurer was to
28 check with MRSC and the State Auditor's Office regarding actions
   and procedures.

ORDER - 2

through December 31, 2005, did not find any failure to comply with state and local laws and regulations.[3] Still, based on her concerns that the Town was improperly supplying electricity to Mr. Prather's business, Plaintiff drafted an invoice in March 2006 to Mr. Prather demanding payment of $233.68.

Defendant Little disagreed with Plaintiff that the Town was improperly supplying electricity to Mr. Prather's business and instructed Plaintiff to refrain from sending the invoice. On April 12, 2006, at a regularly scheduled meeting, Plaintiff gave her staff report and then presented a letter of resignation[4] to the Town Council.[5] Plaintiff's resignation letter discussed reimbursement for unused sick leave, comp time, vacation and indicated her resignation would be effective as of May 2, 2006. The Town Council inquired into Plaintiff's issues and the possibility of retaining her as Clerk/Treasurer. Ultimately, the Town Council could not confirm Plaintiff's allegations or appease her concerns, so her resignation remained of record and the meeting adjourned.

On April 14, 2006, two days after the Town Council meeting, Mr. Prather appeared at City Hall and paid for the electricity used by his business for the summers of 2004 and 2005. On April

---

[3]The Washington State Auditor's Office Accountability Audit Report was dated August 18, 2006, and not available until after the facts given rise to this case.

[4]Plaintiff attached to her resignation letter the correspondence from MRSC and the State Auditor's Office.

[5]Plaintiff's responsibilities included reporting to the Town Council during meetings on the second Wednesday of each month; keeping minutes of Town Council meetings; and checking legality of proposed action(s) by Town.

ORDER - 3

19, 2006, Defendant Town along with Defendant Little and legal counsel[6] met with Plaintiff for the purpose of offering her job back, provided she retract the statement Plaintiff made incident to her public resignation at the April 12, 2006 meeting.  The subject "statement" made in her resignation letter reads, in pertinent part:

> However, I believe it is my duty to the people of the Town of Coulee City to abide by the law and I cannot knowingly do otherwise even if requested to do so by an authority.  Attached for your information are copies of communications from Municipal Research and the Auditor's office on one of the issues.

Ct. Rec. 9, Exh. I.

## II. STANDARDS OF LAW

*A. Summary Judgment Standard*

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56c. In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).  However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on

---

[6]Charles Zimmerman, an attorney with the Association of Washington cities, was present at the April 19, 2006 meeting.

ORDER - 4

its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party must do more than simply "show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Id.* at 587.  This court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.   There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. To be cognizable on summary judgment, evidence must be competent." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001)(quoting Fed. R. Civ. P. 56(e).

## III. ANALYSIS

Plaintiff's Complaint alleges that Defendants violated her First Amendment rights, which serves as a basis for her claims under 42 U.S.C. §1983 against the named Defendants.

Defendants move for summary judgment based on a finding that the speech serving the basis for Plaintiff's claims was made

ORDER - 5

pursuant to her employment duties and is not protected speech. Defendants, citing *Freitag v. Ayers*, 468 F.3d 528, 543 (9th Cir.2006), assert that three elements are necessary to establish a claim against an employer on First Amendment grounds: (1) constitutionally protected speech, (2) an adverse employment action, and (3) the protected speech was a substantial or motivating factor in the adverse employment action.

In opposition to the summary judgment, Plaintiff argues that she was speaking in a private capacity at the time she uttered her statements.  Plaintiff further argues that there is a question of fact whether retraction of the speech was a condition of her continued employment (or re-employment) following her resignation.

A.   Plaintiff's Statements Are Not Constitutionally Protected Speech Under *Garcetti*

In regard to the first element listed in the *Freitag* case, the United States Supreme Court's decision in *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006), significantly narrowed the scope of what constitutes constitutionally protected speech in the context of wrongful discharge from public employment.  As discussed below, an adverse employment action is not present under the undisputed facts before the Court.  As to the speech at issue in this case, the Court finds that it was not constitutionally protected speech under *Garcetti*.  Namely, Plaintiff was in attendance at a regularly scheduled meeting constituting part of her normal duties when she resigned and made the statement at issue.  Plaintiff raised, as part of her resignation letter, issues that directly impact the employment relationship, i.e., hours, comp time, vacation time, and wages.  Plaintiff was also

ORDER - 6

reporting actions of her office occurring just prior to resignation incident to the performance of her duties.

The *Garcetti* Court held "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for the First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 126 S.Ct. at 1960. Here too, this Court finds Plaintiff's speech at issue is not constitutionally protected speech. Plaintiff's resignation letter and statements therein speak to the employment relationship while at the same time, criticize the employer and, in particular, by inference, Defendant Little.

B.   Plaintiff Was Not Terminated–She Resigned

Plaintiff suggests that retraction of her statement was a condition of her continued employment or re-employment. The Court finds that the second element set forth in *Freitag*, an adverse employment action, is not present. It is apparent from the undisputed facts that Plaintiff had unilaterally resigned and on April 19, 2006, when Plaintiff was offered re-employment (or a continuation of employment), she had neither attempted to withdraw her resignation nor had an expectation of continuing employment beyond May 2, 2006, a date she had chosen to be her last day on the job.

For the aforementioned reasons, it is **HEREBY ORDERED:**

Defendants' Motion for Summary Judgment (**Ct. Rec. 7**) is **GRANTED**. Plaintiff's claims against the Defendants are dismissed with prejudice.

///

ORDER – 7

1      **IT IS SO ORDERED.**  The Clerk is hereby directed to file this

2 Order, enter Judgment in favor of the Defendants, and furnish

3 copies to counsel.

4      **DATED** this 15th day of February, 2008.

5

6                                    *s/Lonny R. Suko*

7                        _____

                                 LONNY R. SUKO
                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 8